# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

**FILED**

**OCT 23 2020**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Mario D. Blue

Plaintiff

CASE NUMBER: **1:20 CV 2423**

**JUDGE POLSTER**

**MAG. JUDGE PARKER**

Vs.

**FDCPA**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DAMANDED**

CSEA

Defendant(s)

## INTRODUCTION

1. This action seeks class-wide relief for unlawful, unfair and deceptive debt collection practices committed by the debt collection agency CSEA in Cleveland Ohio. The Defendants are engaged in a high-volume debt collection practice that includes garnishment of wages unlawfully.

2. In violation of Ohio law- Ohio Revise Code 2716.01, the Defendants unlawfully garnished the Plaintiffs personal wages without having a judgement against the Plaintiff.

3. In violation of federal law- FDCPA: 15 USC § 1692g SEC. 809(b), Plaintiff respectfully requested from Defendants proof, validation and verification of the alleged debt being owed to their agency.

4. As a result of these two laws being violated, Defendants are activity collecting Plaintiffs personal property unlawfully without any lawful documents to confirm this alleged debt at truth.

5. The Defendants' actions violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").  In which the CSEA is in fact a private and separate entity from the Judicial Government- who hires Governmental entities as contractors to provide illegal and unlawful services when conducting

business. This in fact subjects the CSEA to Fair Debt Collection Practices Act as well as the - Ohio Revise Codes, in which this debt collecting agency is not exempt.

## VENUE AND JURISDICTION

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists of the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue in this district is proper because Defendants transact business here in Cleveland Ohio and the conduct complained of occurred here in Cleveland Ohio.

## PARTIES

8. Plaintiff Mario D. Blue is a resident of Cleveland, Ohio.

9. Defendant CSEA is a debt collecting agency operating in Cleveland Ohio.

10. Defendant CSEA is located at 1640 Superior Avenue, Cleveland Ohio 44114.

11. Defendants use the mails and telephone system in conducting their business.

12. Defendant CSEA is a debt collector as defined by the FDCPA, 15 U.S.C. §  1692a(6), and Ohio's law.

13. Defendants' principal business purpose is the collection of alleged debts, and Defendants regularly attempt to collect debts alleged to be due another.


## FACTUAL ALLEGATIONS RELATING TO MARIO D. BLUE

14. On September 8, 2020, Mario D. Blue sent a USPS certified restricted delivery document to the CSEA agent Ronald T. Davis. This document was received on September 10th, 2020 at 12:45pm (True copies of receipts is attached as Exhibit A).

15. The document that was received by the CSEA from Mario D. Blue on September 10th, 2020 was an Affidavit. This Affidavit stated in fact that the CSEA will provide proof, validation and verification to Mario D. Blue at his home address, under the FDCPA of the alleged debt being owed to their company. (True copies of receipts are attached as Exhibit B)

16. On September 15th, 2020, Mario D. Blue sent a second USPS certified document to the CSEA. This document was received on September 17th, 2020 at 12:37pm (True copies of receipts is attached as Exhibit C).

17. The document that was received by the CSEA from Mario D. Blue on September 17th, 2020 was a second Affidavit. This Affidavit stated in fact that the CSEA did not provide proof, validation and verification to Mario D. Blue at his home address, under the FDCPA of the alleged debt being owed to their company. (True copies of receipts are attached as Exhibit D)

18. On September 28th, 2020, Mario D. Blue sent a third USPS certified document to the CSEA. This document was received on September 30th, 2020 at 12:16pm (True copies of receipts is attached as Exhibit E).

19. The document that was received by the CSEA from Mario D. Blue on September 30th, 2020 was a third Affidavit. This Affidavit stated in fact that the CSEA did not provide proof, validation and verification to Mario D. Blue at his home address, under the FDCPA of the alleged debt being owed to their company. (True copies of receipts are attached as Exhibit F)

20. On October 5th, 2020, Mario D. Blue sent a fourth USPS certified document to the CSEA. This document was received on October 7th, 2020 at 11:31am (True copies of receipts is attached as Exhibit G).

21. The document that was received by the CSEA from Mario D. Blue on October 7th, 2020 was a fourth Affidavit. This Affidavit stated in fact that due to the noncompliance of the CSEA, Mario D. Blue will be moving forward in filling suit in federal court against the CSEA for violation of the FDCPA. (True copies of receipts are attached as Exhibit H)

## FACTUAL ALLEGATIONS RELATING TO DEFENDANTS' CSEA

22. The CSEA authorized a response to Mario D. Blue first Affidavit by ordinary mail on September 11th, 2020 from CELCO (another debt collecting agency)- enclosed with this letter was not proof, validation or verification of the alleged debt being owed to the CSEA. (True copies of receipts are attached as Exhibit I)

## COUNT I – FDCPA

23. The addition of unvalidated alleged debts is both a deceptive collection practice, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

24. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(1), (2)(A), in an amount to be determined at trial by a jury; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT I I – CHAPTER 93A

25. Plaintiff sent to the Defendants by USPS certified mail, written demands for relief, identifying the claimants and the class they seek to represent, and reasonably describing the unfair and deceptive acts or practices relied upon and injuries suffered. Copies of said demand is attached as Exhibits.

26. Defendants have not timely responded to and thereby are deemed to have refused the Plaintiffs' demand for relief; further, said non-response constitutes a refusal made in bad faith, with knowledge or reason to know that the act or practice complained of violated G.L. c. 93A.

27. All of the Defendants' unfair and deceptive practices were willful and knowing within the meaning of M.G.L. c. 93A.

28. Defendants regularly (a) add unauthorized interest to debts (b) and demand payment of such unauthorized interest.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiff and the class and against Defendants for:

(1) Statutory damages;

(2) Actual damages equal to all unlawful garnishments stolen;

(3) Treble damages for violations of G.L. c. 93A;

(4) Attorneys' fees, litigation expenses and costs of suit;

(5) Compensatory, nominal and punitive damages;

(8) Such other and further relief as is appropriate.

TRIAL BY JURY IS DEMANDED

Respectfully submitted,

Mario D. Blue

4212 E186th Street

Cleveland Ohio, 44122

Cell: 216-760-2008

Prose