IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO D. BLUE, *et al.,* | ) | Case No. 1:20 CV 2423 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| CSEA, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

On May 19, 2021, Plaintiff Mario Blue paid a filing fee and moved to reopen the captioned case.  ECF Doc. 4.  On September 24, 2021, Defendant Cuyahoga County Child Support Enforcement Agency ("CSEA") moved to dismiss Blue's case.  As further explained below, Blue's claims lack merit and are frivolous.  Accordingly, his motion to reopen is DENIED (ECF Doc. 4) and CSEA's motion to dismiss is moot.  ECF Doc. 6.

The Court also ORDERS that Mario D. Blue is ENJOINED from submitting any additional filings in this case.  The Clerk is directed to return, unfiled, any such filings from Mario D. Blue.  Mario D. Blue is also ENJOINED from filing any new lawsuits or other documents in the Northern District of Ohio without first seeking and obtaining leave to do so.

## I.     Background

Blue has filed numerous lawsuits[1] related to his obligation to pay child support.  On February 24, 2021, the Court dismissed this case pursuant to 28 U.S.C. § 1915(e) both because it appeared to be duplicative of Blue's previous cases and because he had not paid the filing fee. ECF Doc. 3.  The Court noted that this was the fifth child support contest Blue had filed in this jurisdiction alone.  The Court also noted that in *Blue v. Wendy R.*, No. 1:20 CV 134 (N.D. Ohio May 4, 2020)(Oliver, J.), the Court had already warned Blue that he would be denied the privilege of proceeding in forma pauperis if he continued to file Fair Debt Collection Practices Act ("FDCPA") claims based on his child support obligations.

## II.     Motion to Reopen and Motion to Dismiss

On May 19, 2021, Blue paid the filing fee and filed a motion to reopen, but he did not explain how the instant case differs from his previous filings or explain why his duplicative FDCPA claim should be permitted to proceed.  He simply moved "to have this case heard in this Court with respect to the FDCPA (Fair Debt Collections Practices Act).  Original complaint was submitted and filed October 23rd, 2020 and Dismissal was rendered February 24th, 2021." ECF Doc. 4.

On September 24, 2021, CSEA filed a motion to dismiss.  ECF Doc. 6.  CSEA argues that Blue cannot bring a class action as a *pro se* litigant who is unlicensed to practice law.  CSEA also contends that Blue's claims lack merit because, as a matter of law, child support payments are not "debts" under the FDCPA.  Finally, CSEA points out that Blue's second cause of action brought pursuant to Massachusetts Unfair Trade Practice Act, must be dismissed because Blue

---

[1] CSEA lists fifteen different lawsuits in its motion to dismiss.  ECF Doc. 6 at 3.

has not alleged that any actions occurred within Massachusetts.  CSEA is correct on all fronts.  If the Court were to permit Blue to reopen this case, his claims would undoubtedly be dismissed.

### III.    Frequent Filing

Blue is a *pro se* litigant and his filings are entitled to an appropriate amount of leniency. *See Lawler v. Marshall*, 898 F.2d 1196, 1200 (6th Cir. 1990).  However, "*pro se* filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'"  *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir.1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986)).  A Court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters.  *Feathers v. Chevron U.S.A., Inc., et al.*, 141 F.3d 264, 269 (6th Cir.1998).  A litigant's *pro se* status is no excuse for wasting the Court's limited resources and depriving other litigants with meritorious claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits.  *See Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 U.S. App. LEXIS 28413(6th Cir., 2000) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir.1998); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987).

Blue had already been warned by this Court that future claims related to his child support obligations and the FDCPA would result in the loss of his ability to seek *in forma pauperis* status. *Blue v. Wendy R.*, No. 1:20 CV 134 (N.D. Ohio May 4, 2020)(Oliver, J.).  He was also warned that such claims lacked merit. *Id.*  Despite these warnings, he filed another lawsuit with similar frivolous claims.  And when the Court dismissed those claims, he filed a motion to reopen with no supporting legal basis.  For these reasons, Blue is ENJOINED from submitting

any additional filings in this case, and the Clerk is directed to return, unfiled, any such motions filed by Mario D. Blue.

Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions.  *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986).  Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others.  *Id*.  To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings.  *Filipas,* 835 F.2d at 1146.  Mario D. Blue has filed a plethora of frivolous lawsuits related to his child support obligations in both this and other jurisdictions.  To protect judicial resources from further encroachment, Mario D. Blue is hereby ENOINED from filing any new lawsuits or other documents in the Northern District of Ohio without first seeking and obtaining leave to do so.

**IV.     Conclusion**

Mario D. Blue's motion to reopen is DENIED.  ECF Doc. 4.  Defendant's motion to dismiss is DENIED, as moot.  ECF Doc. 6.  Mario D. Blue is ENJOINED from submitting any additional filings in this case.  He is also ENJOINED from filing any new lawsuits or other documents in the Northern District of Ohio without first seeking and obtaining leave to do so.

**IT IS SO ORDERED.**

Dated: September 29, 2021                          *s/Dan Aaron Polster*
                                                   United States District Judge